**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **TEXAS REGIONAL LANDFILL COMPANY, LP, WASTE CONNECTIONS BAYOU INC., and WASTE CONNECTIONS OF LOUISIANA, INC.** | * * * * * | **CIVIL ACTION NO. 5:26-cv-329** |
| **VERSUS** | * * | **DISTRICT JUDGE HICKS** |
| **CITY OF SHREVEPORT** | * | **MAGISTRATE JUDGE HORNSBY** |

## CITY OF SHREVEPORT'S REPSONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

NOW INTO COURT, through undersigned counsel, comes defendant, CITY OF SHREVEPORT, who with respect submits its Response to Plaintiffs' Motion to Compel Discovery:

### PLAINTIFFS' FIRST SET OF INTERROGATORIES

On July 7, 2026, the plaintiffs propounded its First Set of Interrogatories to the City of Shreveport. On August 18, 2026, the city provided the plaintiffs with its responses to the Interrogatories. Additionally, the city provided the job descriptions of the city employees located at Woolworth Road Landfill. These requests were fully satisfied prior to the instant motion to compel.

### PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

On June 4, 2026, the plaintiffs propounded Requests for Production of Documents unto the City of Shreveport. The Requests for Production of Documents contained 42 requests, including requests that were irrelevant to this matter and could not possibly lead to discoverable information. A few examples of the irrelevant request were:

**REQUEST NO. 1:**
All Communications relating to the Flow Control Law since January 1, 1992.

**REQUEST NO. 11:**
All Documents and Communications relating to the Mundy Sanitary Landfill in DeSoto Parish.

**REQUEST NO. 32:**
All Documents and Communications relating to capacity, remaining permitted capacity, equipment limitations, staffing limitations, scale limitations, or operational constraints at the Republic Woolworth Landfill.

**REQUEST NO. 34:**
All Documents and Communications concerning safety, fire, or emergency response incidents at the Republic Woolworth Landfill.

**REQUEST NO. 35:**
All inspection reports, notices of violation, compliance orders, enforcement documents, and corrective-action documents relating to the Republic Woolworth Landfill since January 1, 2016.

**REQUEST NO. 38:**
All Documents and Communications relating to competition in the Shreveport waste collection, transportation, transfer, disposal, or landfill markets since January 1, 2016

On July 7, 2026, the City of Shreveport responded to the plaintiffs' First Requests for Production of Documents and included objections to the vague, ambiguous, and overbroad request. Said objections included the lack of Electronically Stored Information (ESI) protocols.

On August 6, 2026 the Court entered an Order for Discovery of ESI information. (Exhibit 1.) Nearly a month later the plaintiffs submitted to the City of Shreveport the requested terms for ESI information. (Exhibit "2").

Plaintiffs requested financial information regarding the Woolworth Road landfill ("Landfill") and Republic Services for the last 10 years. The landfill is a very large public land

fill that has hundreds of thousands of transactions every year. The requested information contains thousands of daily documents and required an extensive amount of time to obtain.

On October 12, 2026, 40 days after the City received the requested ESI terms, the City produced a flash drive containing the invoices and payments to Republic Services and an explanation as to the total tonnages received each month at the landfill. (Eshibit 3) Additionally, plaintiffs' counsel was informed that the city was working on retrieving the ESI requested information. On October 16, 2026, plaintiffs' counsel was informed that the city was having "technical" issues with their archived software and needed time to "get it back online." (Exhibit 4). On October 26, 2026, the city delivered to plaintiffs a flash drive containing the requested ESI material. The city also provided additional financial information regarding payments and invoices from Republic to the city for the time period 2016 through January 2021. (Exhibit 5). The October 26, 2026 ESI responses also included privileged emails and communications protected by the Attorney/Client privilege. The author, recipient, date and subject of those privileged communications were provided but the information was redacted.

**ATTORNEY'S FEES ARE NOT WARRANTED**

Rule 37(a)(5) provides that, if a motion to compel is granted, the court must require the party or deponent who conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

In this case, the plaintiffs submitted their proposed ESI protocol on September 2, 2026. *See* Doc. 26-4. The proposed ESI protocol required the City to search the accounts of fifteen (15) current or former City employees and to a search of emails that included forty-three (43) primary search terms plus several variations. The plaintiffs' requests also asked for daily documentation concerning the Woolworth Landfill for a ten (10) year period. In other words, the plaintiffs did not request documents that were readily available for production, the plaintiff's request has required an extensive amount of time by various employees of the city in order to obtain the requested documentation and provide it to undersigned counsel for review and redaction prior to production.

On October 9, 2026, plaintiffs' counsel sent a letter demanding complete responses by October 16, 2026. On October 9, 2026, the city was able to produce a flash drive containing a substantial portion of the requested financial records and the city informed the plaintiffs that they were continuing to work on retrieving the ESI requested information. On Friday, October 16, 2026, the city advised plaintiff's counsel that the city's IT department was "having issues with their archived software" but were continuing to work to get the materials to plaintiffs. Rather than grant the city a brief extension and attempt to resolve the issue in good faith as required by Rule 37(a)(5)(i), the plaintiffs chose to proceed with the instant motion to compel.

Accordingly, the city respectfully submits that an award of costs and attorney's fees in this matter would be unjust due to the nature and extent of the requests at issue, the significant number of documentation that had to be obtained and reviewed by counsel, and the failure of plaintiffs' counsel to allow the city to resolve its technical issues before filing their motion.

## CONCLUSION

The plaintiffs have propounded voluminous discovery request that has required the city to

utilize many employees and man hours in order to respond. The city has fully responded to or provided objections to the discovery in a reasonable time frame considering the vast amount of information requested. The city request that Plaintiffs' Motion to Compel be denied.

Respectfully submitted,

KENNETH R. ANTEE, JR. APLC

BY: /s/ *Kenneth R. Antee, Jr.*
Kenneth R. Antee, Jr/
9335 Ellerbe Rd.
Shreveport, La 71106
Phone: (318)865-9253
Fax: (318)865-9253
ken@anteelaw.com

CARMOUCHE, BOKENFOHR,
BUCKLE & DAY

BY: */s/ Nichole M. Buckle*
Nichole M. Buckle, Bar No. 32113
One Bellemead Center
6425 Youree Drive, Suite 380
Shreveport, Louisiana 71105
Phone: (318) 629-0014
Fax: (318) 404-1571
nikki@cbbd.law

*Attorneys for Defendants, the City of Shreveport*